Filed 11/20/14  P. v. Mouton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>JUNIUS DURAN MOUTON,<br><br>    Defendant and Appellant. | F067426<br><br>(Super. Ct. No. CF94518171)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Franson, J., and Peña, J.

## PROCEEDINGS

Appellant, Junius Duran Mouton, was found guilty at the conclusion of a jury trial on December 20, 1994, of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a) [subsequently reenacted as Pen. Code, § 29800, subd. (a), count one)[1] and possession of cocaine (Health & Saf. Code, § 11350, count two). Because appellant had two prior serious felony convictions within the meaning of the three strikes law, the trial court sentenced him to two concurrent sentences of 25 years to life.

On November 6, 2012, the electorate passed Proposition 36, amending the three strikes law to permit the recall of some sentences imposed under the three strikes law pursuant to newly codified section 1170.126. On November 9, 2012, appellant filed a petition to recall his sentence pursuant section 1170.126. On November 27, 2012, the trial court made a preliminary finding that appellant may be eligible for resentencing and appointed counsel for appellant.

On February 22, 2013, the prosecutor filed a brief arguing that appellant was statutorily ineligible for resentencing. The trial court ordered further briefing on whether a prisoner serving a three-strike term for being a felon in possession of a firearm is eligible for resentencing under section 1170.126. On March 1, 2013, appellant filed his response.

At the conclusion of a hearing on May 10, 2013, the trial court found appellant categorically ineligible for resentencing and denied his petition to recall the sentence. The court denied appellant's motion for reconsideration on June 7, 2013. Appellant contends the trial court erred in denying his petition to recall the sentence. We affirm the trial court's ruling.

---

[1] All statutory references are to the Penal Code.

## FACTS

The probation officer's report was based on the preliminary hearing transcript with additional information coming from the police report. We derive the facts from the probation report. At 3:20 p.m. on April 10, 1994, Fresno Police Officer Twedt and assisting officers were dispatched to investigate a report that there was a man with a gun inside the residence at 651 South Third Street. The officers arrived at the residence and were approached by two females. The reporting party, Tina Williams, told the officers that appellant was inside the house. The officers entered the residence and made contact with appellant just inside the door. Officers searched appellant and found a loaded .357-caliber handgun inside appellant's right front pocket. Appellant was arrested and taken into custody.

After his arrest, appellant spontaneously said, "I ain't going to lie to you; the gun is stolen. I got it off a guy on the street for $100.00." Appellant said he was on active parole from the Bay Area. Officers searched appellant and found a small vial and a small bag each containing a white powdery substance. It was later determined that the vial contained .2 grams of cocaine and the small bag contained .9 grams of cocaine.

## ELIGIBILITY FOR RESENTENCING

Appellant contends that the trial court erred in denying his petition for resentencing. Appellant argues that he is seeking appellate review of an appealable order, the statute specifically ameliorates one convicted of being a felon in possession of a firearm, his conviction of firearm use requires that this offense be "tethered" to another felony, he did not use a firearm, there was no evidentiary proof appellant used a gun, and the rules of statutory construction show appellant was entitled to resentencing under section 1170.126.[2]

---

[2] In his reply brief, appellant argues there was no proof beyond a reasonable doubt that he used a firearm and the probation officer's report was incompetent evidence.

3

We agree with respondent's initial contention that appellant's current claim is cognizable on appeal. We further agree with respondent that appellant was using a firearm when he was arrested for a violation of section 12021, subdivision (a), and the terms of sections 1170.126, 667, and 1170.12 (hereafter the Act) preclude appellant from the resentencing relief he seeks.

In April 2014, this court published two cases germane to the issues raised by appellant: *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*), and *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*).[3] The California Supreme Court denied review in these cases on July 9, 2014.

In *Blakely*, we held that a defendant convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing because of that conviction. Such a defendant is disqualified for resentencing only if he or she had the firearm available for offensive or defensive use. We further held in *Blakely* that the disqualifying factors need not be pled and proved to a trier of fact beyond a reasonable doubt.[4] (*Blakely, supra*, 225 Cal.App.4th at pp. 1048, 1056-1063.)

In *Osuna*, we held that (1) the disqualifying factors need not be pled and proven to a jury beyond a reasonable doubt; (2) where there are facts in the record of conviction showing the inmate was armed with a firearm ─ meaning it was available for immediate

---

[3] Our court also decided two other cases with related but not identical issues: *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011 (*Cervantes*) [holding inmate may be barred from resentencing even if he or she was not carrying a firearm on his or her person] and *People v. Martinez* (2014) 225 Cal.App.4th 979, 984-985 (*Martinez*) [same holding as *Cervantes* and also permitting People writ review where trial court finds inmate was entitled to resentencing under the Act]. The California Supreme Court denied review in these cases on July 9, 2014.

[4] In addition to applying standard principles of statutory construction in our analysis of section 1170.126 in *Blakely*, we also considered the rule of lenity which appellant argues is operative here. (*Blakely, supra*, 225 Cal.App.4th at pp. 1053-1054.)

4

offensive or defensive use ─ during the commission of the inmate's current offense, the inmate is disqualified from resentencing under the Act even though he or she was convicted of possessing the firearm and not of being armed with it; and (3) being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "tethered" to or have some "facilitative nexus" to an underlying felony. (*Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.)

Although appellant was not per se prohibited under the Act from making a motion for resentencing, the fact that he was personally armed with a firearm at the time of his arrest meant appellant had the firearm available for offensive or defensive use. This fact disqualified appellant from consideration for resentencing pursuant to the Act. The prosecutor did not have to plead and prove the underlying facts of appellant's conviction beyond a reasonable doubt. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1061-1063; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.) Furthermore, the probation officer's report was a sufficient basis for the trial court to deny the motion. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1061-1063; *Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) Appellant's statutory construction arguments were considered and rejected in *Blakely* and *Osuna*. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1056-1063; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.)

The trial court concluded that appellant was ineligible for resentencing under the Act because of the circumstances surrounding the commission of his offense. The trial court's ruling is supported by the record. Following our rulings in *Blakely* and *Osuna*, we find no error in the trial court's ruling.

**DISPOSITION**

The trial court's postjudgment order denying appellant's petition for resentencing pursuant to section 1170.126 is affirmed.